The Honorable Sam D. Leake Representative, District 9 State Capitol Building Jefferson City, MO 65101
SUNSHINE LAW: A public governmental body may PURCHASE OF LAND: decide in closed session pursuant to Section 610.021(2) RSMo to enter into a contract that includes an option to purchase real estate at a particular price if the consideration for that contract could be affected by discussions in open sessions. However, within seventy two hours of its decision the public governmental body must make public any minutes, votes or records relating to its decision.
Dear Representative Leake:
This opinion is in response to your question:
 May a municipality enter into an option contract to purchase real estate which contract specifically states the purchase price of the real estate if said option is exercised in closed session pursuant to Section 610.02, RSMo. (part of the Sunshine Law) and keep the vote and records relating to said real estate transaction closed and keep the same from being made public until 72 hours after that option is exercised or actual purchase is completed or does Section 610.021(2) require the minutes vote or public record approving the option contract to be made public within 72 hours after the execution of the actual contract?
Section 610.021(2) RSMo provides that a public governmental body can hold a closed meeting, record and vote regarding:
 (2) Leasing, purchase or sale of real estate by a public governmental body where public knowledge of the transaction might adversely affect the legal consideration therefor. However, any minutes, vote or public record approving a contract relating to the leasing, purchase or sale of real estate by a public governmental body shall be made public within seventy-two hours after execution of the lease, purchase or sale of the real estate;
Before reviewing the particular question posed, a review of Chapter 610 RSMo, the Sunshine Law, is in order. It is the expressed view of the General Assembly that the public policy of this state is that meetings, records and votes of public governmental bodies are to be open to the public unless otherwise specified and that those exceptions are to be strictly construed. Section 610.011.1 RSMo 1994. It is incumbent upon members of public governmental bodies that they are cautious in asserting a basis to justify closing a meeting, record or vote.
A municipality is a public governmental body. Section610.010(4) RSMo 1999 Supp. As a public governmental body it is required to follow the mandates of Chapter 610 RSMo.
Section 610.021 RSMo sets forth the enumerated bases for closing a meeting of a public governmental body. As discussed above subsection (2) provides that such a meeting can be closed to discuss
 (2) Leasing, purchase or sale of real estate by a public governmental body where public knowledge of the transaction might adversely affect the legal consideration therefor. However, any minutes, vote or public record approving a contract relating to the leasing, purchase or sale of real estate by a public governmental body shall be made public within seventy-two hours after execution of the lease, purchase or sale of the real estate;
The information supplied to this office indicates that a city desires to enter into an option contract to purchase some real estate. The price for the property, if the option is exercised, would be set. However, some members of the city council apparently want to keep from disclosing the contract price until after the option to purchase is exercised.
The city council can only close meetings, records or votes as provided in Chapter 610 RSMo. Under the circumstances you have described if the city council can justify that the purchase price of the property it seeks to obtain will be affected by discussions in open sessions, it can go into closed sessions by abiding by the provisions of Section 610.022 RSMo 1999 Supp. Once the city council has decided how it will proceed, it has seventy-two hours to make public its minutes, votes, and public records regarding the leasing, purchase or sale of real estate. Presumedly among the records to be made public within that time period would be the option contract with the price for exercising the option identified thereon.
We find no justification for keeping from the public the provisions of such an option contract beyond the seventy-two hour time period in Section 610.021(2). Moreover, we point out that even though a public governmental body may be able to close a meeting, record or vote, Chapter 610 does not obligate it to do so. Section 610.022.4 RSMo 1999 Supp. We further note that a liberal construction favoring openness has been recognized by this office in the past. See Attorney General Opinion No. 30-88.
 CONCLUSION
We find that a public governmental body may decide in closed session pursuant to Section 610.021(2) RSMo to enter into a contract that includes an option to purchase real estate at a particular price if the consideration for that contract could be affected by discussions in open sessions. However, within seventy two hours of its decision the public governmental body must make public any minutes, votes or records relating to its decision.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General